**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MACK ARTHUR ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | ) | CIVIL ACTION NO. 25-406-MU |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Mack Arthur Adams brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI"), based on disability, under Title XVI of the Act. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 13 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case…order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief,

and Plaintiff's reply,[1] it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

## I. PROCEDURAL HISTORY

Adams applied for DIB and SSI under Title II and Title XVI of the Social Security Act on May 4, 2022, alleging disability beginning on November 3, 2021. (Doc. 15, PageID.221-235). His application was denied at the initial level of administrative review on June 29, 2023, and upon reconsideration on March 29, 2024. (Doc. 15, PageID.115-124, 125-136). Adams requested a hearing by an Administrative Law Judge ("ALJ") and appeared at a hearing before the ALJ on August 21, 2024. (Doc. 15, PageID.169-170, 73-112). On February 20, 2025, the ALJ issued an unfavorable decision finding that Adams was not under a disability during the applicable time period. (Doc. 15, PageID.55-72). Adams appealed the ALJ's decision to the Appeals Council, and, on August 6, 2025, the Appeals Council denied his request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (Doc. 15, PageID.38-43).

After exhausting his administrative remedies, Adams sought judicial review in this Court, pursuant to 42 U.S.C. § 405(g). (Doc. 1). The Commissioner filed the social security transcript on December 8, 2025. (Doc. 15). Both parties filed briefs setting forth their respective positions. (Docs. 16, 17, 21). Oral argument was waived by the parties. (Docs. 19, 20).

## II. CLAIM ON APPEAL

[1] The Court granted the parties' joint motion to waive oral argument. (Doc. 20).

[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 13. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

Adams alleges that the ALJ committed reversible error in violation of Social Security Regulations 20 C.F.R. §416.945, 20 C.F.R. §404.1545, and Social Security Ruling 96-8p in that the Administrative Law Judge's residual functional capacity ("RFC") determination at the fifth step of the sequential evaluation process was not supported by substantial evidence. (Doc. 16, PageID.550-551).

## III. BACKGROUND FACTS

Adams was born on May 10, 1973, and was 48 years old on his alleged onset date. (Doc. 15, PageID.221). He attended high school through twelfth grade but did not graduate or obtain a GED. (Doc. 15, PageID.99, 286). He has past work experience as a truck driver and maintenance worker. (Doc. 15, PageID.286). His last date of work was in November 2021 as a truck driver. (Doc. 15, PageID.286). Adams was in a work-related motor vehicle collision on November 3, 2021, in which he hurt his left knee. (Doc. 15, PageID.87, 90, 386). Adams alleged that he is unable to work due to diabetes, hypertension, problems with his back and knee, and migraines. (Doc. 15, PageID.229, 285).

## IV. ALJ'S DECISION

The ALJ considered all the evidence of record and evaluated Adams's claim in accordance with the five-step sequential evaluation process set forth in the regulations. (Doc. 15, PageID.58-67). The ALJ determined Adams meets the insured status requirements of the Act through December 31, 2026 ("date last insured"). (Doc. 15, PageID.60). At step one of the sequential disability evaluation, the ALJ found Adams had not engaged in substantial gainful activity since his alleged onset date on November 3, 2021. (Doc. 15, PageID.60). At step two, the ALJ found that Adams had the following

severe impairments: mild loss of joint space in the left hip; L5-S1 posterior disc wedging, loss of posterior disc height, L2 anterior inferior severe osteophyte and L2-3 mild loss of joint space; right knee shaft diaphysis and mild loss of medial joint space; left knee tibial midshaft with disruption of shaft diaphysis; mild degenerative changes of the left AC joint; mild degenerative changes of the left knee; left median neuropathy at the wrist level consistent with moderate severity carpal tunnel syndrome; cervical radiculopathy; degenerative spondylosis of the thoracic spine; obesity; hypertension; and type II diabetes. (Doc. 15, PageID.61). At step three, the ALJ determined Adams did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 15, PageID.61).

Before proceeding to step four, the ALJ assessed Adams's RFC. (Doc. 15, PageID.62-65). She found Adams could perform a reduced range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). Specifically, the ALJ found:

> [T]he claimant can lift and/or carry 20 pounds occasionally, 10 pounds frequently. He can stand and/or walk for 6 hours and sit for 6 hours with customary breaks. The claimant can frequently stoop and occasionally crouch. He cannot work at unprotected heights. He cannot operate heavy moving equipment or drive. He cannot work around extreme heat or sunshine. The claimant can frequently handle and feel with the left non-dominant upper extremity. He can occasionally finger with the left non-dominant hand. There are no limitations on the use of the right dominant hand. The claimant cannot push or pull leg or foot controls.

(Doc. 15, PageID.62). At step four, the ALJ found Adams was unable to perform any past relevant work. (Doc. 15, PageID.65). At step five, relying on testimony from a vocational expert, the ALJ found that, given Plaintiff's RFC and vocational profile, there were jobs existing in significant numbers in the national economy that he could perform, such as

folding machine operator (a light unskilled occupation with an SVP 2 and approximately 58,000 jobs in the national economy); garment sorter (a light unskilled occupation with an SVP 2 and approximately 35,000 jobs in the national economy); and a cleaner/housekeeper (a light unskilled occupation with an SVP 2 and approximately 241,000 jobs in the national economy). (Doc. 15, PageID.65-67). Based on this analysis, the ALJ found Adams not disabled within the meaning of the Act from the alleged onset date November 3, 2021, through the date of her decision on February 20, 2025. (Doc. 15, PageID.67).

## V. STANDARD OF REVIEW

Eligibility for DIB and SSI benefits requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E),1382(a)(1)-(2). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the [date last insured]." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in

determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Winschel*, 631 at 1178 (citations omitted). When a decision is supported by substantial evidence, the

reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## VI. DISCUSSION

Adams claims that the ALJ erred in making an RFC determination that is not supported by substantial evidence and thereby concluding that he can perform jobs existing in significant numbers in the national economy. Specifically, Adams's sole allegation of error is that the ALJ "inadequately rejected consultative examiner Dr. Vines' opinion and did not provide an acceptable analysis of its supportability and consistency in accordance with 20 C.F.R. §§ 404.1520c(b), 416.920c(b)." (Doc. 16, PageID.551). Consultative examiner Dr. Katie Vines, M.D., performed an evaluation of Adams on June 24, 2023. (Doc. 15, PageID.449-462 – Exhibit 5F). No reversable error has been shown.

Medical opinions are one category of evidence the Commissioner considers in making disability determinations. *See* 20 C.F.R. § 404.1513(a). A "medical opinion" is "a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s) and whether [he or she] ha[s] one or more impairment-related limitations or restrictions in the following abilities: ... (i) [the] ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching); (ii) [the] ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting; (iii) [the] ability to perform other demands of work,

such as seeing, hearing, or using other senses; and (iv) [the] ability to adapt to environmental conditions, such as temperature extremes or fumes." 20 C.F.R. § 404.1513(a)(2).[3]

The Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). "When a medical source provides one or more medical opinions or prior administrative medical findings, [the Commissioner] will consider those medical opinions or prior administrative medical findings from that medical source together using [the following] factors[,]" *id*.: supportability, consistency, relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c(c). "The most important factors...are supportability...and consistency..." 20 C.F.R. § 404.1520c(a). *Accord* 20 C.F.R. § 404.1520c(b)(2). "Supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

---

[3] On January 18, 2017, the SSA substantially revised the regulations governing how the Commissioner considers medical evidence, including medical opinions. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15,132 (Mar. 27, 2017). The rules for evaluating medical opinions found in 20 C.F.R. § 404.1520c apply to DIB claims filed on or after March 27, 2017, such as Adams's. The revisions also changed what constitutes a "medical opinion." *See* 20 C.F.R. § 404.1513(a)(2) (defining "medical opinion" while specifying that "the definition of medical opinion" found in § 404.1527 applies to claims filed before March 27, 2017).

administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The Commissioner "will explain how [the Commissioner] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision." 20 C.F.R. § 404.1520c(b)(2). On the other hand, the Commissioner "may, but [is] not required to, explain how [the Commissioner] considered the [other] factors...when... articulat[ing] how [the Commissioner] consider[ed] medical opinions and prior administrative medical findings in [the] case record[,]" *id*., unless the Commissioner "find[s] that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported...and consistent with the record...but are not exactly the same..." *Id*. § 404.1520c(b)(3).

The ALJ provided the following analysis of Dr. Vines's medical opinion:

> Dr. Vines opined that the claimant is limited from walking more than 150 feet due to back and knee pain, standing more than 15 minutes, and lifting/carrying more than 20 pounds. Dr. Vines opined that the claimant has a moderate limitation reaching and grasping on the left and a mild limitation feeling on the left. The undersigned does not find the opinion of Dr. Vines regarding the claimant's ability to stand or walk persuasive. These limitations are overly restrictive and are not supported by the examination findings or imaging of the claimant's back and knees, which showed mostly mild findings, and are not consistent with the claimant's treatment records. The claimant has complained of only occasional knee pain. He has not complained to Dr. McCleod of persistent back pain. The claimant's pain has been treated conservatively with medication. He wore a knee brace and participated in physical therapy in November 2021 but there is no evidence in the record that the claimant has required use of a knee brace or participated in physical therapy since 2021. Repeat X-rays of the claimant's left knee taken in October 2024 showed just mild degenerative changes (Exhibit 7F). The undersigned finds the lifting and carrying restrictions and left hand restrictions persuasive. These are generally well supported by Dr. Vines' examination of the claimant, and they are consistent with subsequent EMG/NCV testing.

(Doc. 15, PageID.64). The ALJ's analysis considered Dr. Vines's opinion under the factors in 20 C.F.R. § 404.1520c and sufficiently explains why the ALJ found Dr. Vines's

opinion unpersuasive as to her restrictions on Adams's ability to stand or walk. The ALJ specifically explained that the standing and walking restrictions were not supported by Vines's examination findings or imaging and were not consistent with Adams's treatment records from his primary care doctor, Dr. McCleod.[4] Adams has failed to show that the ALJ's analysis does not comply with the requirements for considering medical opinions.

In further support of her analysis, the ALJ explained:

> [The RFC] is supported by the claimant's history of sporadic conservative treatment for his complaints of pain, the imaging of the claimant's back, knees, and left shoulder showing mostly mild abnormalities, the examination findings of Dr. Vines, and generally the State agency assessment. The claimant's impairments have all been managed by his primary care provider, Dr. McCleod. There is no documented treatment in the record during the adjudication period with orthopedics, pain management, or neurosurgery for treatment of his complaints of disabling pain. Dr. McCleod has prescribed the claimant a muscle relaxer and anti-inflammatory medication on occasion to treat his pain. Other than the emergency room visit in November 2021 for evaluation of elevated blood pressure and left knee pain, the claimant has not been to the emergency room or required inpatient treatment.

(Doc. 15, PageID.64). The fact that Adams's back and knee pain was treated only sporadically and conservatively by Dr. McCleod bolsters the ALJ's finding that Dr. Vines's restrictions were inconsistent with Adams's treatment records and were not supported by Dr. Vines's own examination. The undersigned finds that the ALJ's analysis in determining Adams's RFC provides a sufficient rationale to link substantial record evidence to the legal conclusions she reached, and thereby finds the RFC is supported by substantial evidence. *See Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9

---

[4] The ALJ did find Dr. Vines's lifting and carrying restrictions persuasive, and those were incorporated into the RFC.

(M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)) ("To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'").

Finally, it is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Winschel*, 631 F.3d at 1178. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. *See id*. Having reviewed the ALJ's decision and the transcript and having considered the arguments made by Adams, the Court finds that, even though there may be some contrary evidence concerning the severity of Adams's impairment due to his back and knee pain, the ALJ's RFC determination is supported by substantial evidence and must be affirmed. *See MacGregor*, 786 F.2d at 1053. Accordingly, the Court will not disturb the ALJ's decision to find Dr. Vines's opinion unpersuasive as to her restrictions on Adams's ability to stand or walk.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **15th** day of **September, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**